IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM KEITH WALDMAN, #242914, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-783-TMH |
| | ) | [WO] |
| | ) | |
| KIM THOMAS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this civil action, Adam Keith Waldman ["Waldman"], a state inmate incarcerated

at the Limestone Correctional Facility, alleges that the defendants have improperly

assigned him an "S" suffix so as to notify correctional officials that upon his release from

prison he is subject to the provisions of the Alabama Sex Offender Registration and

Community Notification Act, Alabama Act No. 2011–640, § 49, Ala. Code § 15–20A–1, *et*

*seq.*, ["ASORCNA"].

Upon review of the factual allegations presented in the complaint, the court

concludes that this case should be transferred to the United States District Court for the

Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

---

[1] Waldman filed an application for leave to proceed *in forma pauperis*. *Doc. No. 2*. However, in light of
the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in  (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."   28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).

The plaintiff is currently incarcerated at the Limestone Correctional Facility, a facility located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Two of the defendants reside in the Northern District of Alabama as do all other individuals who will be required to ensure the plaintiff's compliance with the directives of the ASORCNA when he is scheduled for release from prison.  In addition, all of the records relevant to this case are within the possession of officials at the Limestone Correctional Facility and any change in the plaintiff's classification will therefore be implemented by officials at this facility. Although by virtue of their supervisory positions

---

assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

with the Alabama Department of Corrections, Commissioner Thomas and Classification

Director Conway reside in the Middle District of Alabama, they are subject to service of

process throughout the state and commonly defends suits in all federal courts of this state.

Moreover, the actual claim before this court goes to the constitutionality of a provision of

the ASORCNA with respect to its application to individuals convicted solely of kidnapping

a minor, an issue which can be addressed by any federal court of this state.  It is therefore

clear that the majority of witnesses and evidence associated with this case are located in

the Northern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the

convenience of the parties this case should be transferred to the United States District

Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be transferred to the United States District Court for the Northern District of Alabama

pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before November 27, 2013**, the parties may file objections

to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

3

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of November, 2013.

                    /s/Charles S. Coody                    
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE